UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DEMETRIUS DARBY,

                        *Plaintiff*,

         -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC,

                       *Defendant*.
------------------------------------------------------------------------X

**16 CV 6435**

**FIRST AMENDED COMPLAINT**

Plaintiff Demetrius Darby, by his counsel, The Harman Firm, LLP, alleges for his complaint against Defendant The Stop & Shop Supermarket Company LLC as follows:

## NATURE OF THE ACTION

1. Plaintiff Demetrius Darby ("Plaintiff" or "Mr. Darby") seeks damages and costs against Defendant The Stop & Shop Supermarket Company LLC ("Defendant" or "Stop & Shop") for discriminating against him based on his disability by subjecting him to a hostile work environment, failing to provide a reasonable accommodation, and ultimately terminating his employment, in violation of the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL").

2. Plaintiff also seeks damages and costs against Defendant for retaliating against him in response to his complaints of discrimination, in violation of the ADA and the NYSHRL.

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

3. Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over Plaintiff's claims, as the matter in controversy exceeds $75,000 and is between citizens of different states:

    a. Plaintiff is a citizen of the State of New York.

1

b. Upon information and belief, Defendant is a citizen of the State of Delaware, as it is a corporation organized under the laws of the State of Delaware, and a citizen of the State of Massachusetts, as its principal place of business is located in the State of Massachusetts.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

5. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Right-to-Sue Letter dated September 20, 2016, relating to the discriminatory acts described in this Complaint. This action was properly instituted within ninety (90) days of the issuance of the Right-to-Sue Letter.

## TRIAL BY JURY

6. Plaintiff respectfully requests a trial before a jury.

## PARTIES

7. At all times relevant hereto, Plaintiff was and is a resident of Bronx County in the State of New York.

8. Upon information and belief, at all times relevant hereto, Defendant was and is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business at 1385 Hancock Street, Quincy, MA 02169.

## STATEMENT OF FACTS

9. Mr. Darby has cerebral palsy, a congenital neurological disorder which stems from brain development abnormalities during birth. These abnormalities permanently affect, among things, speech, body movement, muscle coordination, and balance.

10. In and around February 2008, Stop & Shop hired Mr. Darby as a cashier at its 111 Vredenburgh Avenue location in Yonkers, New York (the "Store").

11. Mr. Darby's hiring was facilitated by Stop & Shop's partnership with Careers for People with Disabilities, Inc., a not-for-profit organization that helps disabled individuals find employment.

12. Throughout Mr. Darby's employment at Stop & Shop, he experienced persistent discrimination and harassment based on his disability from customers and coworkers alike.

13. Due to Mr. Darby's speech and coordination impairments, it was difficult for him to move quickly, especially during the busiest shifts. Customers frequently made fun of his disability and verbally abused him, many times verging on physical contact.

14. Stop & Shop employees not only tolerated this conduct but, in fact, routinely participated in the ridicule and harassment initiated by customers.

15. Mr. Darby's coworkers and managers frequently called him "retarded" or "slow."

16. Mr. Darby was ostracized by Stop & Shop managers, who regularly mocked him in front of his coworkers.

17. Mr. Darby complained about the harassment and abuse, but Stop & Shop did nothing to address the problem.

18. Over the course of Mr. Darby's employment, he repeatedly requested to be transferred from the registers to an area of the Store that involved less customer interaction, such

as the bakery, deli, or back of the Store, as an accommodation for his disability and due to the vicious harassment he regularly faced from customers.

19. However, Stop & Shop refused Mr. Darby's requests to transfer from the register, though the transfer requests of non-disabled employees at the Store were granted.

20. Mr. Darby also inquired about open job postings in other areas of the Store, but Shop & Shop filled them with other employees, rejecting Mr. Darby.

21. Brian King, a General Manager at Stop & Shop, and Vicky Cooper, a Supervisor at Stop & Shop, refused to accommodate Mr. Darby and kept him on the registers, although Stop & Shop was aware that Mr. Darby was qualified for other positions at the Store and capable of working in other capacities.

22. For example, Stop & Shop temporarily moved Mr. Darby to the floral department to cover an employee who was on leave. Mr. Darby received no complaints about his job performance in the floral department and fulfilled all his job responsibilities while he was working there, yet Stop & Shop transferred Mr. Darby back to the registers when the employee returned from leave and continued to refuse to consider Mr. Darby's transfer requests.

23. Around February 2015, Mr. Darby complained to Mr. King about his frustrations with Stop & Shop's disregard of his requests for a disability-related accommodation, as well as the ongoing discrimination and harassment he experienced from customers and coworkers.

24. Rather than attempting to address the serious concerns that Mr. Darby had raised, Mr. King became angry with Mr. Darby for raising a complaint of discrimination and suspended him for one (1) week.

25. Upon Mr. Darby's return to work, he was called in for a meeting with Mr. King and Ms. Cooper.

26. In this meeting, Stop & Shop falsely claimed that Mr. Darby had never complained about discrimination and had never requested disability-related accommodations, then reprimanded him for not having done so.

27. After this meeting, Mr. King began to retaliate against Mr. Darby by assigning Mr. Darby to the express cashier lane, the busiest lane in the store.

28. On one occasion, a customer shoved Mr. Darby while mocking him. Mr. Darby explained the incident to Mr. King and again expressed his concern for his physical safety working at the register, to which Mr. King responded, "Stop being a baby" and "Shut up and do your job."

29. Mr. Darby asked to speak to Human Resources ("HR"), but Mr. King told him that he would have to call Stop & Shop's corporate HR office.

30. Mr. Darby suffers from a cerebral palsy–related speech impairment that makes communication over the phone very difficult, yet Stop & Shop made no effort to facilitate his requests to contact HR.

31. In addition, despite repeated attempts to contact Stop & Shop's corporate HR office, Mr. Darby never received a response.

32. Mr. Darby continued to perform in Stop & Shop's hostile work environment and with Stop & Shop's discriminatory animus towards his disability until February 2016.

33. In and around February 2016, Mr. Darby, unable to stand the constant harassment, left his position at Stop & Shop. In a meeting with Stop & Shop and his union, Mr. Darby explained that he would no longer tolerate the discrimination.

34. Stop & Shop suggested that Mr. Darby could work a late-night shift off of the registers, knowing full well that Mr. Darby could not work nights, as public transportation in the area shut down at night and Mr. Darby relied on public transportation to get to work.

35. As Mr. Darby was unable to work any of the shifts offered by Stop & Shop, he was constructively terminated.

36. Stop & Shop did nothing to stop the disability-based harassment or to identify a reasonable accommodation so that he could perform his job duties.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**Hostile Work Environment in Violation of the ADA**

37. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 36 with the same force as though separately alleged herein.

38. The ADA prohibits employers from discriminating against an employee in terms, conditions or privileges of employment on the basis of actual or perceived disability.

39. Defendant discriminated against Plaintiff based on his disability by treating him less well than his non-disabled counterparts and subjecting him to hostile, discriminatory treatment that was so severe and pervasive that it altered the terms, conditions, or privileges of his employment.

40. As a direct and proximate consequence of Defendant's disability discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

41. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SECOND CAUSE OF ACTION
### Unlawful Termination in Violation of the ADA

42. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force as though separately alleged herein.

43. The ADA states, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

44. At all relevant times, Plaintiff was qualified to perform his job responsibilities. He could perform the essential functions of his job with a reasonable accommodation.

45. Defendant did not make any effort to identify a reasonable accommodation such that Plaintiff could continue to perform his essential job functions.

46. Instead, Defendant discriminated against Plaintiff based on his disability by terminating his employment because he is disabled.

47. As a direct and proximate consequence of Defendant's illegal retaliation, Plaintiff has suffered, and continues to suffer, substantial economic and non-economic damages, including, but not limited to, back pay, front pay, and emotional distress and suffering, all in amounts to be determined at trial.

48. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## THIRD CAUSE OF ACTION
**Failure to Engage to Provide a Reasonable Accommodation in Violation of the ADA**

49. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 48 with the same force as though separately alleged herein.

50. The ADA requires employers to provide disabled employees with a reasonable accommodation.

51. Defendant interfered with Plaintiff's right to a reasonable accommodation by refusing to engage in the interactive process, denying his requests for accommodation, and permitting ongoing harassment based on disability.

52. Defendant's conduct ultimately resulted in the termination of Mr. Darby's employment.

53. As a direct and proximate consequence of Defendant's failure to provide a reasonable accommodation, Plaintiff has suffered, and continues to suffer, substantial economic and non-economic damages, including, but not limited to, back pay, front pay, and emotional distress and suffering, all in amounts to be determined at trial.

54. Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

## FOURTH CAUSE OF ACTION
**Retaliation in Violation of the ADA**

55. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 53 with the same force as though separately alleged herein.

56. The ADA prohibits employers from retaliating against employees for exercising, or attempting to exercise, their rights guaranteed by the ADA.

57. Plaintiff attempted to exercise his rights by seeking an accommodation for his disability.

58. Defendant retaliated against Plaintiff for exercising his ADA rights by unlawfully terminating his employment.

59. As a direct and proximate consequence of Defendant's illegal retaliation, Plaintiff has suffered, and continues to suffer, substantial economic and non-economic damages, including, but not limited to, back pay, front pay, and emotional distress and suffering, all in amounts to be determined at trial.

60. Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

**FIFTH CAUSE OF ACTION**
**Hostile Work Environment in Violation of the NYSHRL**

61. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 59 with the same force as though separately alleged herein.

62. The NYSHRL prohibits employers from discriminating against an employee in terms, conditions or privileges of employment on the basis of actual or perceived disability.

63. Defendant discriminated against Plaintiff based on his disability by treating him less well than his non-disabled counterparts and subjecting him to hostile, discriminatory treatment that was so severe and pervasive that it altered the terms, conditions, or privileges of his employment.

64. As a direct and proximate consequence of Defendant's disability discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

65. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SIXTH CAUSE OF ACTION
### Unlawful Termination in Violation of the NYSHRL

66. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 64 with the same force as though separately alleged herein.

67. The NYSHRL prohibits employers from discriminating against an employee in terms, conditions or privileges of employment on the basis of actual or perceived disability.

68. Defendant unlawfully terminated Plaintiff because of his disability.

69. As a direct and proximate consequence of Defendant's disability discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

70. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SEVENTH CAUSE OF ACTION
### Failure to Provide a Reasonable Accommodation in Violation of the NYSHRL

71. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 69 with the same force as though separately alleged herein.

72. The NYSHRL mandates that an employer engage in an interactive process to provide a reasonable accommodation for an employee's disability.

73. Defendant repeatedly ignored and refused Plaintiff's requests for a reasonable accommodation.

74. As a direct and proximate consequence of Defendant's failure to provide a reasonable accommodation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

75. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## EIGHTH CAUSE OF ACTION
### Retaliation in Violation of the NYSHRL

76. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 74 with the same force as though separately alleged herein.

77. The NYSHRL prohibits employers from retaliating against any employee for complaining about discriminatory practices illegal under the NYSHRL.

78. Plaintiff properly complained to Defendant about discriminatory comments and conduct that he had faced at work.

79. Defendant retaliated against Plaintiff for making these complaints by, *inter alia,* subjecting him to further offensive comments and harassment, refusing to reprimand the discriminatory behavior, and ultimately terminating his employment.

80. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial economic damages.

81. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

# REQUESTS FOR RELIEF

**WHEREFORE**, the individually named Plaintiff respectfully requests that this Court grant the following relief:

A. on Plaintiff's first claim, damages to be determined at trial;

B. on Plaintiff's second claim, damages to be determined at trial;

C. on Plaintiff's third claim, damages to be determined at trial;

D. on Plaintiff's fourth claim, damages to be determined at trial;

E. on Plaintiff's fifth claim, damages to be determined at trial;

F. on Plaintiff's sixth claim, damages to be determined at trial;

G. on Plaintiff's seventh claim, damages to be determined at trial;

H. on Plaintiff's eighth claim, damages to be determined at trial;

I. an award of pre-judgment and post-judgment interest;

J. an award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

K. such other and further relief as this Court deems appropriate.

Dated: New York, New York
October 4, 2016

By: _____
Walker G. Harman, Jr. [WH-8044]
Owen H. Laird [OL-6994]
THE HARMAN FIRM, LLP.
*Attorneys for Plaintiff*
220 Fifth Ave., Suite 900
New York, New York 10001
(212) 425-2600
wharman@theharmanfirm.com
olaird@theharmanfirm.com