UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| DEMETRIUS DARBY, | : |
| | : |
| Plaintiff, | : Case No.: 1:16-cv-06435-AT-BCM |
| | : |
| -against- | : |
| | : |
| THE STOP & SHOP SUPERMARKET | : |
| COMPANY LLC, | : |
| Defendant. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## JOINT PRE-CONFERENCE STATEMENT
## AND PROPOSED CASE MANAGEMENT PLAN

      Pursuant to the Court's Order Scheduling Initial Case Management Conference (Doc. No. 10) and Fed. R. Civ. P. 26(f)(2), Plaintiff Demetrius Darby ("Plaintiff") and Defendant The Stop & Shop Supermarket Company LLC ("Defendant" or "Stop & Shop") (collectively, "the Parties") submit this Pre-Conference Statement and Proposed Case Management Plan with the following information and proposals:

1.   **The date of the conference and appearances for the parties, including the names of the individual attorneys who will attend, their law firms, addresses, and telephone numbers, and the party or parties represented. The Court expects each party's principal trial attorney to attend the conference.**

    Counsel for the Parties will appear before the Court on Tuesday, October 18, 2016 at 10:00 am, as instructed in the Order Scheduling Initial Case Management Conference (Doc. No. 10).

    For Plaintiff:

    Owen H. Laird
    The Harman Firm, LLP
    220 Fifth Avenue, Suite 900
    New York, NY 10001
    212.425.2600
    olaird@theharmanfirm.com

<u>For Defendant</u>:

Christopher H. Lowe
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018-1405
212.218.5523
clowe@seyfarth.com

2. **A concise statement of the nature of the case and the issues as they appear on the date of the Statement, including any issues as to jurisdiction or venue and any anticipated motions pursuant to Fed. R. Civ. P. 12(b) or (c).**

   Plaintiff states that he suffers from cerebral palsy.  Stop & Shop employed Plaintiff as a Courtesy Clerk-Bundler from February 2008 until February 2016.  Plaintiff asserts he was constructively discharged; Defendant maintains that Plaintiff abandoned his job without explanation or notice.

   Plaintiff seeks damages and costs against Defendant for alleged disability discrimination, hostile work environment, and retaliation in violation of the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL").  Defendant denies Plaintiff's claims in their entirety and further denies that Plaintiff is entitled to any of the relief he seeks in this action.

   The Parties do not anticipate any issues with respect to jurisdiction or venue, nor does Defendant anticipate filing any motions pursuant to Fed. R. Civ. P. 12(b) or (c).

3. **A proposed deadline for joining additional parties, amending the pleadings, or moving for leave to do so.**

   The Parties do not anticipate joining additional parties nor further amending the pleadings.

4. **A proposed discovery schedule including:**

   a. **A date for exchanging the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)(A), or the date on which such disclosures were accomplished;**

      October 25, 2016

   b. **Dates for the service of initial document production requests and interrogatories (limited in accordance with Local Civil Rule 33.3);**

      November 1, 2016

   c. **A date range for fact depositions, including the names (if known) or descriptions of persons expected to be deposed;**

> At this juncture, Defendant anticipates deposing Plaintiff and, potentially, his medical providers.
>
> Plaintiff anticipates deposing Defendant's Store Manager and taking a 30(b)(6) deposition. Plaintiff will likely take one additional deposition upon further identification of additional witnesses.
>
> The Parties propose that they endeavor to complete fact witness depositions between December 12, 2016 and March 17, 2017.

    d. **A date for the close of all fact discovery;**

> April 14, 2017

    e. **Dates by which each party's expert report(s) or other expert disclosure, and any responding reports, will be supplied to the adversary;**

> Case-in-chief expert reports shall be due by March 31, 2017. Rebuttal expert reports shall be due by April 28, 2017.

    f. **A date by which expert depositions will be completed; and**

> May 17, 2017

    g. **A date for the close of all discovery.**

> May 26, 2017

5. **Any proposed limitations to be placed on discovery, including protective or confidentiality orders.**

The parties will respectfully ask the Court to enter a Discovery Confidentiality Order, which will be filed as a separate request.

6. **Any anticipated discovery issues that may warrant early attention from the Court (including issues relating to the preservation, retrieval and/or production of electronically stored information).**

The parties have conferred in good faith and do not, at this time, anticipate this to be a case involving intensive discovery of electronically stored information (ESI). Defendant has issued a litigation hold to Plaintiff's former store manager and appropriate custodians of personnel records.

7. **A date, approximately 30 days prior to the close of fact discovery, for a telephonic status conference with the Court.**

March 17, 2017

8. **Whether and when the case should be (a) referred to mediation or (b) scheduled for a settlement conference with the Court.**

   This case may be an appropriate candidate for early mediation.

9. **A date for the filing of pre-motion conference requests regarding summary judgment.**

   April 21, 2017

10. **A date for the submission of a joint pretrial order in accordance with the individual practices of the judge before whom the trial will be conducted.**

    The Parties propose that this deadline be set for 30 days after a decision on any dispositive motions, and if no dispositive motion is filed, 30 days after the completion of all discovery.

11. **The anticipated length of trial and whether (and by which party) a jury has been requested.**

    The Parties anticipate a one-week trial.  Plaintiff requests a jury trial.  Defendant objects to a trial by jury on any of Plaintiff's claims and all other issues as to which a jury is not permitted as of right as a matter of law.

Respectfully submitted this 11th day of October, 2016.

| | |
|---|---|
| THE HARMAN FIRM, LLP | SEYFARTH SHAW LLP |
| By: s/ Owen H. Laird | By: s/ Christopher H. Lowe |
|    signed w/permission | Christopher H. Lowe |
| Owen H. Laird | 620 Eighth Avenue |
| 220 Fifth Avenue, Suite 900 | New York, New York 10018 |
| New York, New York 10001 | (212) 218-5500 |
| (212) 425-2600 | clowe@seyfarth.com |
| olaird@theharmanfirm.com | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |

4

## CERTIFICATION OF SERVICE

I hereby certify that on October 11, 2016, a true and correct copy of the foregoing **JOINT PRE-CONFERENCE STATEMENT AND PROPOSED CASE MANAGEMENT PLAN** was electronically filed with the Clerk of the Court.  Notice of this filing was sent by operation of the Court's Electronic Case Filing (ECF) system, to all such parties registered for receipt of electronic notifications in this action, as indicated on the Notification of Electronic Filing (NEF) receipt.  Parties may access this filing through the Court's ECF system.

                                  *s/Christopher H. Lowe*
                                  Christopher H. Lowe