UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X
DEMETRIUS DARBY,

                Plaintiff,

      -against-

THE STOP & SHOP SUPERMARKET
COMPANY LLC,
                Defendant.
---------------------------------- X

Case No.: 1:16-cv-06435-AT-BCM

**DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT**

Defendant The Stop & Shop Supermarket Company LLC ("Stop & Shop" or "Defendant"), by and through its attorneys Seyfarth Shaw LLP, hereby answers the First Amended Complaint (the "Complaint") filed on October 4, 2016 by Plaintiff Demetrius Darby, and asserts defenses, as follows:

## NATURE OF THE ACTION

1. Defendant admits that Plaintiff has filed a lawsuit alleging that Defendant violated the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"), but denies any and all liability to Plaintiff under those statutes and further denies that Plaintiff is entitled to any of the relief sought in the Complaint. Defendant denies any and all remaining allegations in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff alleges retaliation claims against Defendant under the ADA and the NYSHRL, but denies any and all liability to Plaintiff under those statutes and further denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

3. Defendant denies the allegations in Paragraph 3 of the Complaint, except admits that its principal place of business is Massachusetts and avers, upon information and belief, that jurisdiction is proper.

4. Defendant denies the allegations in Paragraph 4 of the Complaint, except avers, upon information and belief, that venue is proper.

5. Defendant admits that Plaintiff filed a charge of discrimination with the EEOC ("EEOC"), Charge Number 520-2016-03046, but denies any and all allegations of discrimination, hostile work environment, or retaliation contained therein. Defendant further denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint.

## TRIAL BY JURY

6. Defendant objects to a trial by jury on any of Plaintiff's claims and all other issues as to which a jury is not permitted as of right as a matter of law.

## PARTIES

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and leaves Plaintiff to his proof.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and leaves Plaintiff to his proof.

10. Defendant admits the allegations in Paragraph 10 of the Complaint, except denies the allegations concerning Plaintiff's job title.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and leaves Plaintiff to his proof.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, except denies that "Customers frequently made fun of his disability and verbally abused him, many times verging on physical contact."

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint, except admits that it temporarily assigned Plaintiff to the Floral Department to cover another employee's leave of absence, and retuned him to his regular position when that employee returned to work.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint, except admits that Plaintiff was suspended from work on or about February 6, 2016 because he engaged in misconduct, including using profanity in the presence of customers and walking away from his cash register without notifying a supervisor.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's medical condition and denies all of the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint, except admits that Plaintiff abandoned his job at Stop & Shop in February 2016, without any explanation or notice.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Hostile Work Environment in Violation of the ADA

37. Defendant repeats and realleges its responses to Paragraphs 1-36 above as if fully set forth herein.

38. Paragraph 38 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant avers that the ADA speaks for itself and leaves Plaintiff to his proof.

39. Paragraph 39 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 41 of the Complaint.

## SECOND CAUSE OF ACTION
### Unlawful Termination in Violation of the ADA

42. Defendant repeats and realleges its responses to Paragraphs 1-41 above as if fully set forth herein.

43. Paragraph 43 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant avers that the ADA speaks for itself and leaves Plaintiff to his proof.

44. Paragraph 44 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 48 of the Complaint.

### THIRD CAUSE OF ACTION
**Failure to Engage to Provide a Reasonable Accommodation in Violation of the ADA**

49. Defendant repeats and realleges its responses to Paragraphs 1-48 above as if fully set forth herein.

50. Paragraph 50 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant avers that the ADA speaks for itself and leaves Plaintiff to his proof.

51. Paragraph 51 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 54 of the Complaint.

### FOURTH CAUSE OF ACTION
### Retaliation in Violation of the ADA

55. Defendant repeats and realleges its responses to Paragraphs 1-54 above as if fully set forth herein.

56. Paragraph 56 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant avers that the ADA speaks for itself and leaves Plaintiff to his proof.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 60 of the Complaint.

### FIFTH CAUSE OF ACTION
### Hostile Work Environment in Violation of the NYSHRL

61. Defendant repeats and realleges its responses to Paragraphs 1-60 above as if fully set forth herein.

62. Paragraph 62 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant avers that the NYSHRL speaks for itself and leaves Plaintiff to his proof.

63. Paragraph 63 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 65 of the Complaint.

**SIXTH CAUSE OF ACTION**
**Unlawful Termination in Violation of the NYSHRL**

66. Defendant repeats and realleges its responses to Paragraphs 1-65 above as if fully set forth herein.

67. Paragraph 67 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant avers that the NYSHRL speaks for itself and leaves Plaintiff to his proof.

68. Paragraph 68 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 70 of the Complaint.

## SEVENTH CAUSE OF ACTION
**Failure to Provide a Reasonable Accommodation in Violation of the NYSHRL**

71. Defendant repeats and realleges its responses to Paragraphs 1-70 above as if fully set forth herein.

72. Paragraph 72 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant avers that the NYSHRL speaks for itself and leaves Plaintiff to his proof.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 75 of the Complaint.

## EIGHTH CAUSE OF ACTION
**Retaliation in Violation of the NYSHRL**

76. Defendant repeats and realleges its responses to Paragraphs 1-75 above as if fully set forth herein.

77. Paragraph 77 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant avers that the NYSHRL speaks for itself and leaves Plaintiff to his proof.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint contains legal conclusions as to which no response is required. To the extent the allegations warrant a response, Defendant denies the allegations in Paragraph 81 of the Complaint.

## **REQUEST FOR RELIEF**

82. Defendant denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause, including, without limitations, sub-paragraphs A through K.

83. Defendant expressly denies all allegations in the Complaint not specifically admitted above.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have. Defendant further avers that, to the extent Plaintiff's allegations and/or claims are so vague as to render them impossible to identify every affirmative and other defenses, Defendant reserves its right to assert additional defenses should the precise nature of his allegations and/or claim later become clear.

## FIRST DEFENSE

Plaintiff's claims fail because he cannot state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims fail to the extent they are barred by the relevant statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, and/or estoppel.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent they exceed those set forth in his EEOC charge and/or he otherwise failed to satisfy or exhaust statutory or administrative prerequisites.

## FIFTH DEFENSE

Plaintiff's claims fail because he cannot establish a *prima facie* case of discrimination or retaliation.

## SIXTH DEFENSE

Plaintiff's claims are not actionable because the employment practices and/or decisions challenged were undertaken in good faith and justified by legitimate, non-discriminatory, non-retaliatory business reasons; any conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion, undertaken for lawful, fair and honest reasons, in good faith and without malice.

## SEVENTH DEFENSE

Plaintiff's discrimination claims are not actionable because he cannot establish that Defendant's reasons for its actions were pretextual.

## EIGHTH DEFENSE

To the extent that Plaintiff's claims are based on alleged disparate treatment, he cannot identify any similarly situated individuals who were treated better.

## NINTH DEFENSE

Plaintiff's claims are barred because there is no causal connection between Plaintiff's alleged disability and any adverse employment action(s) that he allegedly experienced.

## TENTH DEFENSE

Any recovery is barred because Plaintiff is not a qualified individual with a disability; Plaintiff was unable to carry out the essential functions of his employment, with or without an accommodation.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to request or seek an accommodation for his alleged disability and/or Plaintiff failed to participate adequately in an interactive and reasonable accommodation process with Defendant.

## TWELFTH DEFENSE

Plaintiff's claims are barred because, assuming Plaintiff was disabled and Defendant was aware of the disability, Defendant engaged in the interactive process with Plaintiff and made good-faith efforts to accommodate Plaintiff's alleged disability.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because, assuming Plaintiff was disabled and Defendant was aware of the disability, Plaintiff's request for an accommodation was unreasonable or imposed an undue hardship on Defendant.

## FOURTEENTH DEFENSE

Defendant denies that any employees, officers, or agents acted in any manner that would constitute any violation of applicable law; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment, and without the knowledge or consent of Defendant. Accordingly, Defendant is not liable for such conduct, if it occurred.

## FIFTEENTH DEFENSE

Defendant does not authorize, condone, ratify, or tolerate acts in violation of the law but instead prohibits them, and any such conduct may not be attributed to Defendant through principles of agency, respondeat superior, or otherwise.

## SIXTEENTH DEFENSE

Defendant may not be held vicariously liable for any punitive damages awarded because any acts constituting any violation of the law by employees, supervisors, managers, agents or officers were contrary to Defendant's good faith efforts to comply with the law.

## SEVENTEENTH DEFENSE

Defendant has well-established policies against discrimination and retaliation, and reasonable and available procedures for handling complaints thereof, which provide for prompt

and effective responsive action. To the extent Plaintiff failed to utilize or otherwise avail himself of these policies and procedures, his claims are barred.

## **EIGHTEENTH DEFENSE**

Plaintiff's claims are barred because Defendant exercised good faith and reasonable care to prevent and promptly correct any alleged unlawful behavior.

## **NINETEENTH DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act of Defendant, Plaintiff has failed to mitigate his damages.

## **TWENTIETH DEFENSE**

Any claim for punitive, multiple, liquidated, or exemplary damages is barred because Defendant acted in good faith and with reasonable grounds for believing that its actions were lawful, and the alleged acts or omissions fail to rise to the level required to sustain a claim for such damages.

## **TWENTY-FIRST DEFENSE**

Plaintiff's claims for relief are barred, in whole or in part, because they are speculative and Plaintiff has not alleged facts sufficient to support an award of monetary damages, punitive damages, lost income, emotional distress/pain and suffering, fees and costs or any other damages.

## **TWENTY-SECOND DEFENSE**

Upon information and belief, Plaintiff's own conduct, omissions, and/or negligence bar any recovery.

## **TWENTY-THIRD DEFENSE**

Plaintiff was an at-will employee whose employment could be terminated at any time for any reason or no reason at all.

## **RESERVATION OF RIGHTS**

Defendant reserves its right to amend its Answer and to assert any additional affirmative or other defenses as may become available or apparent at a future date.

**WHEREFORE**, Defendant prays that:

1. The Court enter a judgment dismissing the Complaint in its entirety and with prejudice;

2. Defendant be awarded attorneys' fees and costs associated with this suit; and

3. Defendant be awarded such other and further relief that the Court may deem just and proper.


Dated: October 18, 2016                     By: */s/ Christopher H. Lowe*
                                                Christopher H. Lowe

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2016, I electronically filed the foregoing DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT, with the Clerk of the Court via the Court's CM/ECF system, which sent notification of such filing to the following counsel for Plaintiff:

Walker J. Harman, Jr.
Owen H. Laird
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
whartman@theharmanfirm.com
olaird@theharmanfirm.com

*/s/ Christopher H. Lowe*
Christopher H. Lowe

35386557v.1